UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23446-CIV-SEITZ/O'SULLIVAN

MARCELO DAVID LUSSI, *et al.*,

        Plaintiffs,

v.

DESIGN-BUILD & ENGINEERING, INC.,
and ANDRES MARTINEZ,

        Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on the Defendants' Motion to Dismiss Plaintiffs' Complaint or, In the Alternative, For a More Definite Statement [DE-9]. This is an action brought by nine plaintiffs on their own behalf and others similarly situated under the Fair Labor Standards Act (FLSA) and the Florida Constitution for unpaid wages and overtime. Defendants move to dismiss the Complaint for three reasons: (1) Plaintiffs have not filed consents, pursuant to 29 U.S.C. § 216(b); (2) the Complaint alleges multiple causes of action in one count; and (3) the Complaint does not meet the pleading standards of Federal Rule of Civil Procedure 8(a)(2). For the reasons set forth below, Defendants' motion is granted.

**1. Plaintiffs Must File Consents in Order to Proceed With a Collective Action**

Defendants argue that the Complaint should be dismissed because Plaintiffs have failed to file consents indicating that they have elected to pursue their claims on behalf of other individuals and thus have failed to comply with the requirements of the FLSA. Plaintiffs respond that consents are not necessary until the Court grants a motion to certify an opt-in class, which

has not yet occurred. However, the plain language of the statute and the case law interpreting this language hold otherwise.

Section 216(b) states:

> An action to recover [unpaid minimum wages or overtime wages] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). This section is further clarified by § 256 of the Portal-to-Portal Act, which states:

> In determining when an action is commenced for the purposes of section 255 of this title, an action commenced . . . under the Fair Labor Standards Act . . . shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action . . . it shall be considered to be commenced in the case of any individual claimant–
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
> (b) if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256. Courts in this district that have considered whether the statutory language requires the named plaintiffs in an opt-in action to file consents have concluded it does. *Lira v. Arrow Air, Inc.*, Case No. 05-23273- Lenard (S.D. Fla. April 17, 2006); *Lago v. Amoa Construction & Development Corp.* 2008 WL 4540062 (S.D. Fla. 2008) (dismissing collective action where named plaintiff had not filed a consent and allowing individual plaintiff to proceed).[1] *Accord Hawkins v. Riverboat Services, Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004),

---

[1] The Court notes that Plaintiff's counsel was counsel in both of these cases and thus should well be aware of these holdings.

*Bonilla v. Law Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1134 (D. Nev. 1999). Plaintiffs' reliance on *Allen v. Atlantic Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984) is misplaced because that was not a collective action, as this case is or purports to be. Plaintiffs reliance on *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240 (11th Cir. 2003) is also misplaced because that case did not address the specific issue of whether named plaintiffs in a collective action must file written consents pursuant to § 216(b). Thus, Plaintiffs must either file their written consents or must proceed individually and not on behalf of others similarly situated.

## 2. Multiple Causes of Action in One Count Must be Repled

Defendants also move to dismiss Plaintiffs' Complaint because it alleges multiple causes of action in a single count. Specifically, the one count appears to allege causes of action for a minimum wage violation of the FLSA, an overtime violation of the FLSA, and a violation of the Florida Constitution's minimum wage provision. Defendants further argue that it is not even clear if Plaintiffs are actually pursing a claim under the Florida Constitution. Plaintiffs respond that because the causes of action are all related, they need only plead one count. In order to promote clarity as to exactly which causes of action Plaintiffs are pursuing, Plaintiffs shall file an amended complaint alleging separate counts.

## 3. Plaintiffs Must Repled Their Allegations Relating to Commerce

Defendant also argues that the Complaint should be dismissed because it does not meet the pleading standard set out in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2008). In *Iqbal*, the Supreme Court stated that pleadings that "are no more than conclusions, are not entitled to the assumption of truth[;] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Defendants argue that the Complaint does not meet this pleading standard

regarding the allegations that Plaintiffs are engaged in or are employed in an enterprise engaged in commerce or the production of goods for commerce and as to allegations that Defendants grossed over $500,000 annually. Both of these allegations are necessary elements of a FLSA action. Plaintiffs allegations regarding these elements are that:

> Defendants' business activities involve those to which the Fair Labor Standards Act applies. . . . Both the Defendant's business and each Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period substantially. Each Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period because the materials that they used/handled on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to each Plaintiff's use of the same. Each Plaintiff's work for the Defendants was actually in an/or closely related to the movement of commerce while the worked for the Defendants that the Fair Labor Standards Act applies to each Plaintiff's work for the Defendants. The Defendants are in the delivery business that transports merchandise and goods to the public and to several clients and provides services to multiple clients . . . for the relevant time period and has grossed, on information and belief, more than $500,000 annually for the relevant time period.

See Complaint ¶10. Plaintiff asserts that these allegations are sufficient under Federal Rule of Civil Procedure 8.

In response to Defendants' argument that the pleadings do not comply with this standard, Plaintiffs, citing *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 U.S. Dist. LEXIS 23007, *6 (M.D. Fla. 2008), point out that the relevant information to support these claims will most often be in the hands of the defendant. This is certainly true when it comes to alleging the annual revenue of Defendants. Thus, the revenue allegations in the Complaint are sufficient. However, the allegations regarding interstate commerce are conclusory and lacking in factual support. Therefore, the Complaint should be dismissed with leave to amend the allegations regarding commerce.

Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss Plaintiffs' Complaint or, In the Alternative, For a More Definite Statement [DE-9] is GRANTED:

1. Plaintiffs must file consents by **May 7, 2010** or the collective allegations of the Complaint shall be deemed dismissed.

2. By **May 7, 2010,** Plaintiffs shall file an amended complaint in accordance with this Order, that sets out separate counts for each cause of action and that sets out factual allegations that support Plaintiffs' conclusions regarding involvement in commerce.

DONE and ORDERED in Miami, Florida, this 19th day of April, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:  All Counsel of Record