UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO . 09-23446-CIV-SEITZ/O'SULLIVAN

MARCELO DAVID LUSSI, et al.,

    Plaintiffs,

vs.

DESIGN-BUILD & ENGINEERING, INC.
and ANDRES MARTINEZ,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Defendants' Motion to Disqualify (DE# 13, 1/8/10) and the Plaintiffs' Motion to Impose Sanctions (DE# 15, 1/11/10). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Defendants' Motion to Disqualify (DE# 13, 1/8/10) and the Plaintiffs' Motion to Impose Sanctions (DE# 15, 1/11/10) are **DENIED** for the reasons stated herein.

## BACKGROUND

The plaintiffs' counsel, Jamie H. Zidell and his law firm J.H. Zidell P.A. (collectively "Zidell" or "plaintiffs' counsel"), previously filed three FLSA lawsuits against the defendants. See Defendants' Motion to Disqualify (DE# 13 at 2, 1/8/10). During the pendency of these lawsuits plaintiff Mario Valero Rivero[1] was employed by the

---

[1] Mr. Rivero was a plaintiff in this lawsuit. However, Mr. Rivero has since filed a letter indicating that he no longer wishes to pursue his claims against the defendants. See Letter (DE# 31-1, 3/19/10). Mr. Rivero has not formally dismissed his claims in this case.

defendants as a manager. Id.[2] The defendants allege that Mr. Rivero was involved in the defense of these three lawsuits and was privy to attorney client communications between the defendants and their counsel, assisted the defendants with discovery and was present on behalf of the defendants at the mediation in one of the cases. Id. The defendants allege that the plaintiff's counsel has knowledge that Mr. Rivero was privy to attorney client information because Mr. Rivero caucused with the defendants at a mediation. Id. at 3.  The defendants have not submitted affidavits or other evidence supporting these allegations.

## ANALYSIS

The defendants seek to disqualify Zidell "because [Zidell] received attorney client privileged communications from a former high level manager, Rivero, regarding the strategy and advice of litigating and settling a case with the same allegations, same causes of action and same Plaintiffs' counsel as the above captioned case." See Defendants' Motion to Disqualify (DE# 13 at 3, 1/8/10). "The party bringing the motion to disqualify bears the burden of proving grounds for disqualification." Hermann v. GutterGuard, Inc., 199 Fed. Appx. 745, 752 (11th Cir. 2006) (citing In re Bellsouth Corp., 334 F. 3d 941, 961 (11th Cir. 2003)); see also, General Cigar Holdings, Inc. v. Altadis, S.A., 144 F. Supp. 2d 1334, 1337 (S.D. Fla. 2001) ("The burden of proof initially is on the moving party to establish grounds for disqualification."); Silvers v. Google, Inc., No. 05-80387-CIV, 2007 WL 141153, at * 1 (S.D. Fla. Jan. 16, 2007) ("the party

---

[2] The defendants allege that Mr. Rivero was a "high level manager," see Defendants' Motion to Disqualify (DE# 13 at 3, 1/8/10), but have provided the Court with no affidavits or other evidence establishing Mr. Rivero's work responsibilities with the defendants.

2

seeking to disqualify the counsel of his opponent has the burden to prove that the attorney's testimony is necessary.").

Disqualification of counsel is a drastic remedy and will not be granted lightly. See Metrahealth Ins. Co. v. Anclote Psychiatric Hospital, Ltd., 961 F. Supp. 1580, 1582 (M.D. Fla. 1997) (noting that an order for disqualification is a "drastic means which courts should hesitate to impose except when absolutely necessary.") (citation omitted). A disqualification of counsel must be sparingly granted because it "serves to destroy relationships by depriving a party of counsel of their own choosing." Whitener v. First Union Nat. Bank of Florida, 901 So. 2d 366, 369 (Fla. 5th DCA 2005).[3] "[C]ourts are skeptical [of motions to disqualify counsel] because th[e]se motions are sometimes filed for tactical reasons or to harass the other party." Silvers, 2007 WL 141153 at * 1.

"The standards of professional conduct of the members practicing before this Court include the current Rules Regulating the Florida Bar." General Cigar Holdings, Inc. v. Altadis, S.A., 144 F. Supp. 1334, 1338 (S.D. Fla. 2001); see S.D. Fla. L.R. 11.1.C; cf. Cox v. Am. Cast Iron Pipe Co., 847 F.2d 725, 728 n.4 (11th Cir. 1988) (applying ethical rules adopted by district court in its local rules to determine appeal from an order disqualifying the plaintiff's attorney). The defendants argue that the

---

[3] Although Mr. Rivero no longer wishes to pursue his lawsuit against the defendants, the defendants still seek to disqualify Zidell from representing the remaining plaintiffs in the instant action and presumably from bringing any future FLSA lawsuits against the defendants. See Defendants' Reply to Plaintiffs' Supplemental Response in Opposition to Defendants' Motion to Disqualify Plaintiffs' Counsel (DE# 34 at 2, 3/29/10) (stating that "[d]isqualification continues to be the appropriate remedy in this case regardless of whether Rivero has withdrawn because of Rivero's breach of attorney client privileged communications belonging to the Defendants and the subsequent unfair advantage to the remaining Plaintiffs if they continue to be represented by Zidell."). Thus, the remaining plaintiffs would be deprived of their choice of counsel if the defendants' motion were granted.

plaintiff's counsel violated Rule 4-1.6 of the Florida Bar Code of Professional Conduct.

See Defendants' Motion to Disqualify (DE# 13 at 4, 1/8/10). Rule 4-1.6 states, in its entirety, as follows:

> **(a) Consent Required to Reveal Information.** A lawyer shall not reveal information relating to representation of a client except as stated in subdivisions (b), (c), and (d), unless the client gives informed consent.
>
> **(b) When Lawyer Must Reveal Information.** A lawyer shall reveal such information to the extent the lawyer reasonably believes necessary:
>
> > (1) to prevent a client from committing a crime; or
> >
> > (2) to prevent a death or substantial bodily harm to another.
>
> **(c) When Lawyer May Reveal Information.** A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:
>
> > (1) to serve the client's interest unless it is information the client specifically requires not to be disclosed;
> >
> > (2) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and client;
> >
> > (3) to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved;
> >
> > (4) to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
> >
> > (5) to comply with the Rules of Professional Conduct.
>
> **(d) Exhaustion of Appellate Remedies.** When required by a tribunal to reveal such information, a lawyer may first exhaust all appellate remedies.
>
> **(e) Limitation on Amount of Disclosure.** When disclosure is mandated or permitted, the lawyer shall disclose no more information than is required to meet the requirements or accomplish the purposes of this rule.

Fla. Bar. Code of Prof. Cond. 4-1.6.

The defendants allege that Zidell violated Rule 4-1.6 "because [Zidell] induced or

will likely induce Rivero to disclose confidential matters, specifically attorney client privileged communications, without gaining the informed consent of the holder of the privilege, the [d]efendants." See Defendants' Motion to Disqualify (DE# 13 at 4, 1/8/10). Rule 4-1.6 protects a client's confidential information. It addresses a client's consent to reveal confidential information, situations in which an lawyer must reveal confidential information, and situations in which a lawyer may reveal confidential information. See Fla. Bar. Code of Prof. Cond. 4-1.6. The courts have also read a correlative duty in Rule 4-1.6 to "refrain from inducing others to disclose confidential matters." See Browning v. AT&T Paradyne, 838 F. Supp. 1564, 1568 (M.D. Fla. 1993). Here, the defendants have presented no evidence that Zidell induced Mr. Rivero to disclose confidential information regarding the defendants. Thus, it remains unclear to the Court how Zidell violated Rule 4-1.6 in the instant case.

  The defendants are not entitled to the relief sought because they have not met their initial burden of proof. In the instant case, the defendants have not presented the Court with any evidence that Zidell actually received privileged information from Mr. Rivero. Instead, the defendants speculate that this is the case because: "[i]t is not reasonable to assume that [Mr.] Rivero did not disclose to his counsel the attorney client privileged communications belonging to the Defendants when much of the privileged information related directly to [the plaintiff's counsel and his firm]." See Defendants' Rely to Plaintiffs' Supplemental Response in Opposition to Defendants' Motion to Disqualify Plaintiffs' Counsel (DE# 34 at 2, 3/29/10). This is not a case where the disclosure of confidential information can simply be presumed because there was never an attorney-client relationship between Zidell and the defendants. See Gaton v.

5

Health Coalition, Inc., 745 So. 2d 510, 511(Fla. 3d DCA 1999) (noting that "in cases involving a direct attorney-client relationship, the courts have recognized an irrefutable presumption that confidences were disclosed."). Thus, the defendants must provide the Court with something more than counsel's argument to support their statement that "[Zidell has] received attorney client privileged communications from a former high level manager, Rivero, regarding the strategy and advice of litigating and settling a case with the same allegations, same causes of action and same Plaintiffs' counsel as the above captioned case." See Defendants' Motion to Disqualify (DE# 13 at 3, 1/8/10). In Wells v .Grau,, the appellate court quashed an order disqualify counsel where, "[counsel] did not actually obtain any privileged or objectionable information [during a] deposition. Consequently, he should not have been disqualified from representing the petitioners in the medical malpractice case below since there was no showing that he obtained an unfair advantage by reason of the improper deposition." 744 So. 2d 544, 544-45 (Fla. 4th DCA 1999).[4] See also Hiatt v. Estate of Hiatt, 837 So.2d 1132, 1133 (Fla. 4th DCA 2003) (noting that "[u]nder the circumstances [of that case], where no evidence was proffered or offered below, the [party moving for disqualification] failed to carry her burden."); Pascucci v. Pascucci, 679 So. 2d 1311, 1312 (Fla. 4th DCA 1996) (noting that the unsubstantiated allegations in that case were insufficient to justify disqualification); Braswell v. Ryan Investments, LLC, No. 99-17994 FC 38 PJ, 2003 WL 354509, * 5 (Fla. Cir. Ct. 2003) (noting that "[i]n determining whether to disqualify

---

[4] The defendants also raise an unfair advantage argument. See Defendants' Motion to Disqualify Plaintiffs' Counsel (DE# 13 at 6-8, 1/8/10). This argument fails because the defendants have failed to present the Court with any evidence that Zidell actually received confidential information. See Wells, 744 So. 2d at 544-45, supra.

6

opposing counsel for allegedly reviewing privileged communications, the legal standard in **Florida requires proof that confidential information was actually disclosed to opposing counsel** and that this information gives the opposing litigant an unfair advantage by virtue of that disclosure.") (emphasis added).

The defendants further argue that even if Zidell did not actually induce or receive privileged information from Mr. Rivero, Zidell should still be disqualified based on the appearance of impropriety. See Defendants' Motion to Disqualify (DE# 13 at 5, 1/8/10). "While the Code of Professional Conduct does not contain an express provision prohibiting the appearance of impropriety, Florida law clearly retains this requirement." Browning v. AT&T Paradyne, 838 F. Supp. 1564, 1566 (M.D. Fla. 1993). The Court finds that no appearance of impropriety exists here because Zidell never had an attorney-client relationship with the defendants. See State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So. 2d 630 (Fla. 1991) (disqualifying law firm where firm represented the father in a personal injury action for more than two years before adding the father (with his consent) as a defendant in the same action brought on behalf of the father's wife and daughter and continued to represent the father in a medical malpractice action arising from the same accident.); Brent v. Smathers, 529 So. 2d 1267, 1269-70 (Fla. 3d DCA 1988) (finding appearance of impropriety and noting that "[c]ommonly understood concepts of loyalty would seem at odds with permitting a law firm which previously represented one co-trustee, to defend the other co-trustee and beneficiaries in an action premised on a breach of confidence, and in the course of that defense to show that the complainant co-trustee acquiesced in the acts she now claims constituted the breach.").

"Disqualification of counsel is an extraordinary remedy and courts must take care to grant these motions only when necessary." <u>Silvers v. Google, Inc.</u>, No. 05-80387-CIV, 2007 WL 141153, at * 1 (S.D. Fla. Jan. 16, 2007). Disqualification is particularly drastic in the instant case, where the granting of the defendants' motion would effectively preclude Zidell from filing any future FLSA lawsuits against the defendants. The Court finds that the Defendants' Motion to Disqualify (DE# 13, 1/8/10) based on the facts of this case must be denied because the defendants have failed to carry their burden of establishing grounds for disqualification. The Plaintiffs' Motion to Impose Sanctions (DE# 15, 1/11/10) is denied because sanctions pursuant to section 1927, United States Code, Title 28 are inappropriate under the facts of this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this **26th** day of April, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record