UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23446-CIV-SEITZ/SIMONTON

MARCELO DAVID LUSSI, *et al.*,

        Plaintiffs,

v.

DESIGN-BUILD & ENGINEERING, INC.,
and ANDRES MARTINEZ,

        Defendants.

_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on Plaintiffs' Motion for Summary Judgment [DE-87], in which Plaintiffs seek summary judgment against the individual Defendant, Andres Martinez. Plaintiffs filed this action alleging violations of the Fair Labor Standards Act (FLSA) for unpaid overtime wages. After the corporate Defendant's attorney withdrew and the corporation failed to have new counsel file an appearance, a default final judgment was entered against the corporate Defendant, Design-Build & Engineering, Inc. (Design-Build). The action was stayed against the individual Defendant, Martinez, because of a bankruptcy filing. However, after the Bankruptcy Court dismissed Martinez's bankruptcy petition with prejudice, Plaintiff moved to have the stay lifted. The Court granted the motion and Plaintiff subsequently sought summary judgment against Martinez on the basis that Martinez was an "employer" under the FLSA. Because Martinez qualifies as an employer under the FLSA, Plaintiffs' Motion is granted.

## I. Undisputed Material Facts[1]

Martinez is the owner of Design-Build and is listed as a corporate officer and president. Martinez hired, at least, four of the Plaintiffs and determined their rates of pay. Martinez ran the day-to-day operations of Design Build, determined which projects employees would work on, and regularly supervised the employees, including Plaintiffs.

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P.

---

[1] Martinez has not filed a response to the Motion for Summary Judgment. Therefore, all of the facts come from the documents and affidavits submitted by Plaintiffs [DE-87].

56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

### III. Analysis

Plaintiffs move for summary judgment on the sole issue of whether Martinez was an "employer" under the FLSA. Pursuant to the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Accordingly, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (citations omitted). In other words, "[t]o be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638 (citations omitted). Merely being an officer, director, or principal shareholder is not enough to establish liability as an employer under the FLSA. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008).

Based on the undisputed facts, Martinez was Plaintiffs' employer, as that term is used in the FLSA. Not only is Martinez the owner and president of Design-Build, but he takes an active role in its day-to-day operations. Martinez hired the Plaintiffs and determined their rates of pay. Additionally, he assigned the Plaintiffs to the projects on which they worked and supervised their work. Thus, Martinez was involved in the day-to-day operations of Design-Build and was

Plaintiffs' employer. Accordingly, he is jointly and severally liable with Design-Build for Plaintiffs' unpaid overtime wages. Therefore, it is

ORDERED that:

1. Plaintiffs' Motion for Summary Judgment [DE-87] is GRANTED.

2. The Court will enter a separate Amended Final Judgment.

DONE and ORDERED in Miami, Florida, this 6th day of February, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record
      Dana Gallup